# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA SULTAN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AIG CASUALTY INSURANCE, | : | No. 20-935 |
| Defendant. | : | |

### MEMORANDUM

**Schiller, J.**                                                                                                    August 10, 2020

Natasha Sultan sued AIG Casualty Insurance/AIG Advantage Insurance Company ("AIG") for breach of contract in the Court of Common Pleas of Philadelphia County. AIG filed a notice of removal to this Court on February 20, 2020. Sultan seeks a remand, arguing that removal was untimely. The Court finds that removal is timely and Sultan's Motion to Remand will be denied.

## I. BACKGROUND

Sultan, a citizen of New York, was involved in a car accident on October 22, 2008. (Compl. ¶¶ 1, 3.) AIG, which is located in Delaware, insured Sultan at the time of her accident. (*Id*. ¶ 3.) Sultan sustained injuries from an underinsured tortfeasor. (*Id*. ¶ 7.) Sultan's injuries were severe and permanent including, *inter alia*, a laceration exposing the skull, permanent disfigurement, and aggravation of preexisting conditions. (*Id*. ¶¶ 12-13.) Sultan's AIG insurance policy, which was in full effect at the time of the accident, provided for payment of underinsured motorist benefits. (*Id*. ¶¶ 3-4.)

Sultan's attorney sent a letter dated June 21, 2019 to AIG demanding the policy limits of $750,000.00. (Pl.'s Mot. to Remand, ¶¶ 3-4.) On July 25, 2019, Sultan filed a Writ of Summons in the Philadelphia Court of Common Pleas pending an underinsured savings meeting. (*Id*. ¶ 6.) In September, AIG filed a Praecipe for Rule to File a Complaint. (*Id*. ¶ 9.) The following month,

Sultan filed a Praecipe to have the matter placed on "deferred status", however, discussions between counsel continued about the underinsured motorist claim and Sultan's demand. (*Id*. ¶¶ 12, 14.) On December 4, 2019, the court granted AIG's Petition to Remove Case from Deferred Status and ordered Sultan to file a complaint within twenty days. (*Id*. ¶ 15.)

On December 19, 2019, Sultan filed the Complaint. She demanded damages "in a sum in excess of $50,000.00, plus interest, delay damages, costs, and other damages permitted by law." (Compl. ¶ 17.) Thus, AIG contends that at the time of filing they were not provided notice that the amount in controversy exceeded $75,000.00. (Def.'s Notice of Removal ¶¶ 7-8.) On January 3, 2020, AIG filed an Answer to Sultan's Complaint with New Matter. (Pl.'s Mot. to Remand ¶ 17.)

On January 20, 2020, Sultan filed a case management conference memorandum that included a demand in the amount of $1,200,000.00. (*Id*. ¶¶ 11-12.) On February 20, 2020 AIG removed to federal court. Sultan now moves for remand on the grounds that removal was untimely.

## II. STANDARD OF REVIEW

Any civil action brought in state court may be removed to a federal district court if the district court would have had original jurisdiction. 28 U.S.C. § 1441. The removing party bears the burden of showing that the case is properly before the court. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Rosenfield v. Forest City Enters., L.P.*, 300 F. Supp. 3d 674, 677 (E.D. Pa. 2018).

Diversity jurisdiction requires the amount in controversy to exceed $75,000.00 and that the lawsuit be between citizens of different states. 28 U.S.C. § 1332 (a)(1). To properly remove a case to federal court on the basis of diversity jurisdiction, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable." 28 U.S.C. § 1446 (b)(3). Additionally, "if the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." § 1446 (c)(3)(A).

### III. DISCUSSION

Sultan's Motion to Remand is denied as this Court has diversity jurisdiction and AIG's removal was timely.

#### A. Original Jurisdiction

There is a basis for original jurisdiction. The parties are diverse. Plaintiff Sultan is a citizen of New York. (Def.'s Notice of Removal ¶ 3); *see* 28 U.S.C. § 1332 (a); *see also Gordon v. Steele*, 376 F. Supp. 575, 577 (W.D. Pa. 1974). Defendant AIG has its principal place of business in Delaware and is incorporated in Minnesota. (*Id*. ¶ 2); *see* 28 U.S.C. § 1332(c); s*ee also Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010). It is undisputed the amount in controversy exceeds $75,000.00. *See generally* 28 U.S.C. § 1332. Thus, this Court has original jurisdiction over the present case.

#### B. Timeliness

The dispute here is whether AIG's removal is timely. This Court concludes that it was.

The removal statute states, "if the case stated by the initial pleading is not removable… information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446 (c)(3)(A).

Here, the initial pleading was not removable because the amount in controversy requirement was not met. The Complaint, filed in state court, demanded "in a sum in excess of

$50,000.00, plus interest, delay damages, costs, and other damages permitted by law." (Compl. ¶ 17.) However, on January 20, 2020, AIG was placed on notice of a demand in the amount of $1,200,000.00 due to the filing of Sultan's case management conference memorandum. (*Id.* ¶¶ 11-12.) On February 20, 2020, within thirty days of the receipt of the case management conference memorandum, AIG removed this case. Thus, AIG's removal was timely as it was filed within thirty days of the receipt of "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 144(b)(3).

In her Motion to Remand, however, Sultan claims the June 21, 2019 demand letter put AIG on notice of the amount in controversy, making AIG's removal untimely. The Court is unpersuaded.

Pre-complaint communications between counsel do not qualify as "other paper" for the purpose of putting the defendant on notice of the amount in controversy. Sultan's argument cannot be squared with the text of § 1446(b)(3), which states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper form which it may first be ascertained in the case in one which is or has become removable." 28 U.S.C. § 1446 (b)(3). Clearly, "other paper" cannot predate the initial pleading because it must be received by the defendant after receipt of the initial pleading. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010); *see also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) (stating the language is drafted to intend that a defendant can first ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper", at which point the running of the thirty-day removal period begins).

4

If the term "other paper" were to encompass pre-complaint communications, where the communication occurred more than thirty days before the case was initiated, § 1446 would require defendants to remove a case before it has been filed. *See Carvalho*, 629 F.3d at 885. The Court will not interpret § 1446 in a manner that produces such an absurd result. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("interpretations of a statute which would produce absurd results are to be avoided"). Furthermore, in 28 U.S.C. § 1446 (b)(3), the term "other paper" is part of a list that includes "an amended pleading, motion, order—all documents which logically cannot predate the initial pleading[.]" *See Carvalho*, 629 F.3d at 885-886. "[A] word is given more precise content by the neighboring words with which it is associated." *United States v. Williams*, 553 U.S. 285, 294 (2008). As a result, the term "other paper" should be understood to refer to documents that follow the initiation of the lawsuit.

Other courts in this circuit have reached a similar conclusion. In *Rosenfield*, defense counsel was made aware through pre-suit written communications that the amount in controversy potentially exceeded $75,000.00. 300 F. Supp. 3d at 675. However, on the face of the complaint, the amount in controversy did not exceed $75,000.00. *Id*. Thereafter, the plaintiff submitted a case management conference memorandum demanding $350,000.00, at which point defendants removed the case to federal court within thirty days. *Id*. The court denied plaintiff's motion to remand and held pre-complaint communications did not qualify as "other paper." *Id*. at 680; *see also White v. Gould*, 1992 U.S. Dist. LEXIS 289, *6, 1992 WL 7032 (E.D. Pa. 1992) (finding the defendant could only have conceded the amount in controversy was satisfied upon receipt of the plaintiffs' demand letter post-complaint).

Likewise, in *Pierchalski v. Sanders*, plaintiffs' counsel sent a demand letter to defendants' counsel outlining the factual allegations of their claims and demanding $300,000.00. Civ. A. No.

18-01540, 2019 U.S. Dist. LEXIS 64161, *1-2 (W.D. Pa. April 12, 2019). The defendants then served the plaintiffs with a rule to file a complaint, making the response to that motion due the following month. However, before a response or complaint was filed in state court, the defendants removed to federal court. *Id*. at *2. In granting Pierchalski's motion for remand, the court stated that the defendants' removal argument failed under Section 1446(b) because it "does not contemplate that an 'other paper' exchanged prior to the complaint being filed or served triggers the 30-day removal period". *Id.* at *4-5.

In her motion to remand, Sultan argues that at all relevant times AIG was put on notice that Sultan's demand was the policy limits of $750,000.00. (Pl.'s Mot. to Remand ¶ 10.) However, as with *Pierchalski* and *Carvalho*, for an "other paper" to trigger the thirty-day removal period, the defendant must receive it *after* the initial pleading. Therefore, Sultan's pre-complaint demand did not trigger the thirty-day clock for filing a notice of removal. Sultan's case management conference memorandum was the "other paper" which first put AIG sufficiently on notice of the amount in controversy, after the initial pleading, making the case removable at that time only.

## IV. CONCLUSION

For the foregoing reasons, Sultan's Motion to Remand is denied. An Order consistent with this Memorandum will be docketed separately.