IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA SULTAN,<br>    Plaintiff, | : | CIVIL ACTION |
| v. | : : : | |
| AIG CASUALTY INSURANCE,<br>    Defendant. | : : | No. 20-935 |

## ORDER-MEMORANDUM

**AND NOW**, this **24th** day of **April 2023**, upon consideration of Defendant's motion to strike (ECF 25) and Plaintiff's response thereto (ECF 30) it is **ORDERED** that Defendant's motion is **DENIED**. It is further **ORDERED** that:

1. Plaintiff shall produce a compliant expert report to Defendant on or before **Tuesday, May 2, 2023**;

2. Plaintiff shall make herself available for an independent medical examination at Defendant's request on or before **Monday, May 15, 2023**;

3. Depositions, if any, of the experts shall occur on or before **Friday, May 19, 2023**; and

4. *Daubert* motions, if any, shall be filed on or before **Friday, May 26, 2023**.[1]

### *Analysis*

Natasha Sultan sues AIG Casualty Insurance Company ("AIG") alleging it violated the Pennsylvania Motor Vehicle Financial Responsibility Act when it failed to pay her claim for underinsured motorist benefits following a car accident that left her with permanent injuries. (*See, e.g.*, ECF 1.) AIG moves to strike Sultan's expert's report and preclude his testimony at trial,

---

[1] The parties may agree to change the deadline set forth in paragraphs one through three by agreement but must seek Court approval for any extension of deadline set forth in paragraph four.

arguing the disclosure of plastic surgeon Dr. Craig Mezrow's expert report was untimely and the report does not comply with Federal Rule of Civil Procedure 26(a)(2)(B). (ECF 25 at 4-5.) AIG contends it is severely prejudiced by the late disclosure because it cannot get a rebuttal expert in time for trial, it cannot cure the prejudice at this juncture, precluding the testimony does not disrupt the trial, and the failure to timely disclose was done in bad faith. (*Id.* at 5-6.) Sultan opposes the motion. (ECF 30.) She argues AIG knew she planned to retain an expert, any prejudice can be cured with a rebuttal expert, this evidence is "critical," and the circumstances here do not warrant the extreme sanction of exclusion. (*Id.*) She does not address AIG's contention that the expert report is deficient under Rule 26(a)(2)(B).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), then the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Palmer v. Black & Decker (U.S.) Inc.*, No. 20-1084, 2022 WL 1721206, at *2 (M.D. Pa. May 27, 2022) (defining "substantially justified" and "harmless"). But exclusion of evidence "is an 'extreme' sanction." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 297 (3d Cir. 2012) (quoting *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)); *see also Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-704, 2022 WL 3021560, at *39 (E.D. Pa. July 29, 2022). Courts in the Third Circuit consider five factors when deciding whether to exclude evidence: (1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified;" (2) "the ability of that party to cure the prejudice;" (3) "the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court;" the (4) "bad faith or willfulness in failing to comply with the court's order;" and (5) "the importance of the evidence." *Meyers v. Pennypack Woods Home*

*Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977) (listing the first four factors), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985); *ZF Meritor, LLC*, 696 F.3d at 298 (including the fifth factor). Because the *Pennypack* factors weigh in favor of admission, the Court denies AIG's motion.

Four factors weigh toward admissibility. Considering the first two factors, there is little prejudice or surprise and whatever prejudice exists can be cured. One judge in this district has observed that the more "time elapsed since the expiration of the deadline set forth in the scheduling order, the greater the probability of a finding of prejudice or surprise." *Cochran v. Jackson*, No. 14-2165, 2015 WL 3555291, at *3 (E.D. Pa. June 8, 2015). Here, just over a year passed between the September 30, 2021 expert disclosure deadline and the November 22, 2022 production of Dr. Mezrow's report. Although courts have found prejudice when an expert report was produced over a year-and-a-half after the expert disclosure deadline, *Konstantopoulos*, 112 F.3d at 721, the circumstances here do not counsel in favor of finding prejudice to AIG.

AIG received the expert report in November 2022 after a failed September 2022 settlement conference. Shortly before the disclosure, the Court entered an order scheduling trial for April 2022. AIG apparently neither objected to Sultan's late disclosure until filing its motion to strike nor used the five months between disclosure and trial to depose Sultan's expert or obtain a rebuttal expert (or even *attempt* to do so). Instead, AIG complains—at the last possible time[2]—that it has

---

[2] Although AIG's motion is timely, the Court's scheduling order only required pretrial motions to be filed "**on or before** Tuesday, March 21, 2023." (ECF 23 at ¶ 3) (emphasis added.) AIG did not need to *wait* until March to move to strike Dr. Mesrow's report. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 792 (3d Cir. 1994) (finding counsel had "abundant time" to cure any prejudice by either deposing the opposing expert or hiring a rebuttal expert four months before trial); *Cochran*, 2015 WL 3555291, at *4 (finding sufficient time to cure prejudice because opposing counsel had two months to depose expert witness before trial); *Rivera v. Lehigh Cnty.*, Nos. 13-4748, 14-3883, 2015 WL 12819147, at *1 n.8 (finding sufficient time to cure prejudice when there was five months before trial).

3

been prejudiced by the late disclosure. The Court's rescheduling of trial makes any prejudice even less, as AIG has even more time to cure the prejudice now.

Additionally, there is no surprise despite AIG's argument to the contrary. AIG knew Sultan planned to submit a plastic surgeon's expert report as documented in the parties' June 2021 joint Rule 26(f) report. (ECF 25-3 at 1.) Moreover, as confirmed by Sultan's counsel's representation in her opposition, it appears the parties were amenable to setting different discovery deadlines than those in the Court's July 2021 scheduling order.³ AIG admits it scheduled its own independent expert examination of Sultan for October 25, 2021—a month *after* the September 30, 2021 expert deadline. When Sultan could not attend, AIG made no effort to reschedule, something it now blames on its mistaken belief that Sultan no longer wished to retain an expert and it thus, did not need a rebuttal expert. (ECF 30 at 4 & n.1.) Ultimately, although the more than year-long delay in production was significant, AIG has suffered little, if any, prejudice and any prejudice can be cured between now and trial. *See Cochran*, 2015 WL 3555291, at *3 (finding little prejudice when opposing counsel received expert report seven months late and two months before trial); *Rivera v. Lehigh Cnty.*, Nos. 13-4748, 14-3883, 2015 WL 12819147, at *1 n.8 (E.D. Pa. Oct. 9, 2015) (finding four months before trial was ample time to reduce the prejudice caused by party's untimely expert report). Factor one weighs slightly toward admission and factor two weighs toward admission.

With respect to factor three, AIG only says "precluding the testimony of Dr. Mezrow would not disrupt trial at all in this matter." (ECF 25-2 at 5.) Ordinarily, "[r]eopening discovery when

---

³ "[I]t was believed that discovery matters should be addressed with the cooperation of counsel and that court intervention was only needed if the parties could not agree." (ECF 30 at 11 (CM/ECF pagination used).) A good faith conversation between counsel might have resolved this expert disclosure issue before any motion was filed.

trial is imminent would disrupt the orderly and efficient trial of . . . already protracted litigation." *Klatch-Maynard v. Sugarloaf Twp.*, No. 06-845, 2011 WL 2006424, at *4 (M.D. Pa. May 23, 2011). However, here, trial is not imminent (ECF 29), and AIG will have time to prepare for Dr. Mezrow's testimony. *See Cochran*, 2015 WL 3555291, at *4 (holding this factor weighed toward admission when trial was not imminent and opposing counsel had two months to prepare for expert testimony). Therefore, factor three weighs toward admission.

Factor four weighs toward exclusion. AIG writes that "Plaintiff offers no basis as to why she was unable to comply with the Court's Scheduling Order . . . ." (ECF 25-2 at 5-6.) On this point, Sultan responds only that "there is no evidence of bad faith." (ECF 30 at 7.) The Court agrees with AIG that Sultan showed a willful failure to comply by not producing Dr. Mezrow's report for over a year and offered no substantial justification for her inability to comply with the Court's schedule. *Cf. Klatch-Maynard*, 2011 WL 2006424, at *5 (holding counsel's failure to comply with scheduling order for three and a half years with no offered justification constituted willful failure to comply). The parties attended a settlement conference with Magistrate Judge Reid about a *year* after this Court referred them, perhaps offering some explanation for the delay. But Sultan does not point to an attempted settlement as the reason. Absent any explanation for the delay from Sultan, the Court finds this factor weighs toward exclusion.

Factor five weighs toward admission. Sultan suggests this evidence is "critical." (ECF 30 at 8.) In her Pretrial Stipulation, she lists all potential witnesses to be called at trial, including three doctors: Dr. Mezrow, Dr. Lucas, and Dr. Holena. (ECF 31 at 3). Her proposed expert will address key elements Sultan must prove to the jury, and the Court, at this juncture, cannot determine if the other physicians will offer similar testimony. Thus, this factor weighs toward admission. However, AIG is correct that Dr. Mezrow's report appears not to include the information required by Rule

26(a)(2)(B)(iii)-(vi), which is relevant to AIG's ability to cross-examine the expert. *See* Fed. R. Civ. P. 26(a)(2)(B). Accordingly, the Court requires Sultan to provide AIG a revised expert report including the information Rule 26(a)(2)(B) requires of all experts by Tuesday, May 2, 2023.

After balancing each relevant factor, the Court denies AIG's motion to strike Dr. Mezrow's report and testimony because they do not weigh in favor of exclusion.

So Ordered.

BY THE COURT:

_____
Berle M. Schiller, J.